**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DOWNING TRUCKING, Inc., <br> an Oklahoma Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> (1) CLINE WOOD AGENCY, Inc., <br> a foreign insurance agency doing <br> business in Oklahoma and <br> (2) GREAT WEST CASUALTY <br> COMPANY, Inc., a foreign insurance <br> company doing business in Oklahoma, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-07-187-M <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

This case is scheduled for trial on the Court's October 2007 trial docket.

Before the Court are defendant Great West Casualty Company, Inc.'s ("Great West") Motion for Summary Judgment and Brief in Support [docket no. 22] and defendant Cline Wood Agency, Inc.'s ("Cline Wood") Motion for Summary Judgment and Brief in Support [docket no. 23], both filed on August 15, 2007. On September 10, 2007, plaintiff Downing Trucking, Inc. ("Downing Trucking") filed separate responses to both Great West and Cline Wood's motions for summary judgment and on September 25, 2007 defendants Great West and Cline Wood filed replies. Based upon the parties' submissions, the Court makes its determination.

This case arises out of an insurance coverage dispute between plaintiff Downing Trucking and defendants Great West and Cline Wood. Plaintiff Downing Trucking subsequently filed the instant action against defendants seeking a judgment for damages based on its insurance contract. Specifically, plaintiff Downing Trucking brings the following claims against

defendants: breach of contract, breach of implied warranty of good faith and fair dealing, negligence, fraud and negligent misrepresentation.

I.      INTRODUCTION

On or around July 2004, plaintiff Downing Trucking began shopping for competitive insurance quotes to cover its commercial freight hauling business. Defendant Cline Wood, an insurance agency concentrating in trucking liability and cargo insurance, requested an opportunity to bid for plaintiff Downing Trucking's insurance coverage business. Plaintiff Downing Trucking, in meeting with defendant Cline Wood regarding its insurance needs, completed a bid sheet outlining its request for $250,000 of cargo insurance to cover its commercial machinery loads. Defendant Cline Wood responded to plaintiff Downing Trucking with two insurance coverage proposals. One proposal, originating from defendant Great West, provided for split coverage limits resulting in a $100,000 coverage limit per vehicle for all cargo other than John Deere, with an increased coverage limit of $250,000 per vehicle for cargo consisting of John Deere equipment. An alternative proposal from another insurance company contained $250,000 across the board coverage without the split coverage limits. In August 2004, plaintiff Downing Trucking ultimately purchased the split coverage limit cargo insurance from defendant Great West and renewed its insurance coverage in August 2005 for an additional annual term. Throughout the life of the policy, plaintiff Downing Trucking added and removed vehicles from the insurance policy under the split cargo coverage limits and received corresponding documentation regarding its coverage.

Plaintiff Downing Trucking was involved in a vehicular accident in June 2006 while hauling two non-John Deere freightliners. Plaintiff Downing Trucking submitted a cargo insurance claim to defendant Cline Wood pursuant to its policy, and defendant Great West

compensated plaintiff Downing Trucking the $100,000 applicable limit reduced by the insurance deductible because John Deere equipment was not involved.

Plaintiff Downing Trucking brought this cause of action against defendants Great West and Cline Wood in January 2007 alleging: breach of contract, breach of implied warranty of good faith and fair dealing, negligence, fraud and negligent misrepresentation. Defendants Great West and Cline Wood now move for summary judgment as to plaintiff Downing Trucking's claims.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   DISCUSSION

    A.   Contract Claims

In Oklahoma, insurance coverage disputes are governed under contract law. *Redcorn v. State Farm Fire & Cas. Co.*, 55 P.3d 1017, 1019 (Okla. 2002). If a court finds an insurance policy's terms are free from doubt or unambiguous, "the language of an insurance policy must be accepted in its plain, ordinary and popular sense". *McDonald v. Schreiner*, 28 P.3d 574, 577 (Okla. 2001). Whereas parties to a contract are free to govern its risks and terms, "once agreed upon, the parties...are bound by the terms of the contract, and courts will not rewrite those terms". *Redcorn*, 55 P.3d at 1019. Because it is fundamental that an insured is chargeable with knowledge of the terms of the insurance policy, the failure of an insured to read the insurance policy provisions does not relieve him from its provisions. *Travelers Ins. Co. v. Morrow*, 645 F.2d 41, 44 (10th Cir. 1981). Therefore, the insured has a duty to read and know the contents and legal effects of the terms of his insurance policy. *Id.* (internal citations and quotations omitted).

    1.   Breach of Contract

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff Downing Trucking and viewing all reasonable inferences in its favor, as the Court must when addressing a motion for summary judgment, the Court finds plaintiff Downing Trucking has submitted insufficient evidence of breach of contract as a matter of law.

In the case at bar, the insurance policy required defendant Great West to pay $100,000 for non-John Deere equipment loss, and it is undisputed this particular obligation was satisfied.[1]

---

[1] In fact, Bill Downing the President of plaintiff Downing Trucking agreed that defendant Great West paid the $100,000 policy limit promptly. *See* Defendant Great West Casualty Company Inc.'s Motion for Summary Judgment and Brief in Support at Fact 31.

Plaintiff Downing Trucking fails to sufficiently demonstrate how defendant Great West violated the contract provisions in question other than to argue that it was misled when it entered into the insurance contract. Assuming *argumendo* plaintiff Downing Trucking was misinformed about the split cargo insurance coverage limits, no where is it contended that this information was not accurately conveyed in its insurance policy declarations. Further, even where obvious mistakes have been made, court have an obligation to enforce the parties' legal contractual obligations according to their original agreement, not rewrite the contract between the parties. *Travelers Inc. Co.*, 645 F.2d at 45. Therefore, because plaintiff Downing Trucking's insurance coverage terms were readily available and it is chargeable with knowledge of the terms of its insurance policy, the Court finds plaintiff Downing Trucking is not entitled to relief on its breach of contract claim. Accordingly, the Court grants summary judgment as to plaintiff Downing Trucking's breach of contract claim.

### 2. Breach of Implied Warranty of Good Faith and Fair Dealing

As noted, plaintiff Downing Trucking claims that defendants Great West and Cline Wood are liable for breach of the implied warranty of good faith and fair dealing. An insurance company "has an implied duty to deal fairly and act in good faith with its insured". *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 904 (Okla. 1977). Where the implied duty is breached and the insurer acts in a manner constituting a lack of good faith, this conduct signifies bad faith. *See id.* To establish a bad faith claim, an insured must present evidence from which a reasonable jury could conclude the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim. *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993). Resort to a judicial forum is not *per se* bad faith and the refusal to pay insurance claims where there is a legitimate dispute with the insured as to the amount of coverage or the

amount of the claim is not a breach of the duty of good faith and fair dealing. *Id.* Furthermore, "an agent, as a stranger to an insurance contract, cannot be held to breach an implied covenant of good faith and fair dealing". *St. Paul Reimbursement Co. v. Club Servs. Corp.*, Case No. 01-5029, 2002 WL 203343, 837 (10th Cir. 2002).

In the instant case, plaintiff Downing Trucking concedes that defendant Great West did not exhibit unreasonable behavior, the underlying basis for a claim of bad faith. However, while urging the Court to drop any further consideration of bad faith under this theory, plaintiff Downing Trucking asks the Court alternatively to consider whether there is a legitimate dispute as to whether defendant Cline Wood provided insurance quotes in different amounts than the insured requested that should be resolved by the trier of fact. The Court finds the alleged legitimate dispute is not a breach of the duty of good faith and fair dealing. Specifically, plaintiff Downing Trucking acknowledges its legitimate dispute lies with how the insurance policy was procured, not necessarily the amount of insurance coverage set forth in the contract. Finally, in light of the authorities, the Court also finds that defendant Cline Wood is not subject to the implied contractual duty of good faith and fair dealing as a non-party to the insurance contract.

Accordingly, the Court grants summary judgment to defendants Great West and Cline Wood as to plaintiff Downing Trucking's good faith and fair dealing claims.

B.   Negligence

The threshold question in establishing a negligence claim is whether the defendant owed a duty to the plaintiff who is alleged to be harmed. *Wofford v. E. State Hosp.*, 795 P.2d 516, 518 (Okla. 1990). Oklahoma Courts have held an insurer owes an insured a duty based in part on "specialized knowledge [about] the terms and conditions of insurance policies generally". *Swickey v. Silvey Co.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "However, insurance

companies and their agents do not have a duty to advise an insured with respect to his insurance needs." *Rotan v. Farmers Ins. Group of Co., Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004). (internal citations and quotations are omitted). Insurers have a duty to exercise reasonable care, skill and diligence with respect to the insured, and an insured's request for adequate protection or full coverage does not extend this duty. *Id.*

In *DeWees v. Cedarbaum*, the Oklahoma Supreme Court tacitly recognized that an insurance agent may be held liable for negligence if it fails to exercise reasonable diligence and skill in obtaining and notifying the insured of insurance coverage options. *DeWees v. Cedarbaum*, 381 P.2d 830, 836 (Okla. 1963) (overturned on other grounds). However, a failure to orally notify an insured of the exact status of policy coverage limits does not rise to the level required for a breach of the standard of care. *Id.* An agent is liable if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss. *Swickey*, 979 P.2d at 268. Additionally, an insured can assume the policy of insurance conforms to his agreement with the agent regardless of whether the policy was read. *Warner v. Cont'l Gas Co.*, 534 P.2d 695 (Okla. Civ. App. 1975).

In the instant case, plaintiff Downing Trucking argues that its insurance needs as submitted on its bid sheet were unmet. It contends that defendants Great West and Cline Wood as insurance specialists owed a *special* duty of care to meet their definite, stated need for insurance coverage. Defendants Great West and Cline Wood contend neither an insurer nor its agent are responsible for discovering an insured's coverage needs. Plaintiff Downing Trucking, however, asserts it sought no advise with respect to its insurance coverage needs but rather went to defendants Great West and Cline Wood to effectuate insurance coverage for needs already ascertained.

Viewing the evidence in the light most favorable to the plaintiff Downing Trucking, the Court finds plaintiff Downing Trucking has submitted sufficient evidence to create a genuine issue of material fact as to whether defendants Great West and Cline Wood exercised reasonable diligence in effectuating plaintiff Downing Trucking's request for insurance coverage. Accordingly, the Court denies summary judgment as to plaintiff Downing Trucking's negligence claim.

C.  Fraud

"Fraud is never presumed, but must be affirmatively alleged and proved by clear, unequivocal and competent evidence." *Steiger v. Commerce Acceptance of Okla. City, Inc.*, 455 P.2d 81, 86 (Okla. 1969).  In order to pursue a claim for fraud, a plaintiff must demonstrate: defendants made a material false representation; defendants knew it was false or made it recklessly without regard for its truth; defendants made it with the intention that plaintiff act upon it; and injury was suffered by plaintiff as a result. *McCain v. Combined Comm. Corp. of Okla., Inc*., 975 P.2d 865, 867 (Okla.1998).

In the instant case, plaintiff Downing Trucking submits that it requested insurance quotes for $250,000 across the board insurance coverage, and that defendant Cline Wood creatively manipulated insurance coverage to underbid other insurers offering across the board coverage. The Court finds that plaintiff Downing Trucking submitted sufficient evidence that defendants Great West and Cline Wood may have misleadingly disclosed the split insurance coverage option, and knew insurance coverage options conveyed to plaintiff Downing Trucking were untrue.  Plaintiff Downing Trucking also submitted sufficient evidence to show that the insurance coverage proposal was submitted with the intention that plaintiff Downing Trucking would act upon it and that it was injured as a result.  As such, the Court finds there is a genuine

issue of material fact as to whether defendants Great West and Cline Wood effectuated insurance coverage under plaintiff Downing Trucking's terms. Because the plaintiff submitted evidence in this regard, and a reasonable juror could find for plaintiff Downing Trucking, the Court denies summary judgment as to the fraud claim.

### D.    Constructive Fraud and Negligent Misrepresentation

In order for a plaintiff to maintain a claim for constructive fraud, a plaintiff does not necessarily invoke any moral guilt, intent to deceive, or actual dishonesty of purpose. *Patel v. OMH Med. Ctr., Inc.*, 987 P.2d 1185, 1199 (Okla.1999). It may be defined as any breach of a duty which, regardless of the actor's intent, gains an advantage for the actor by misleading another to his prejudice. *Id.* Constructive fraud does not require an intent to deceive, and liability for constructive fraud may be based on negligent or even innocent misrepresentation. *Faulkenberry v. Kan. City S. Ry. Co*., 602 P.2d 203, 206 n.8 (Okla. 1979).

In the instant case, plaintiff Downing Trucking alleges it was misled by defendants Great West and Cline Wood regarding its insurance coverage options. As a result, plaintiff Downing Trucking contends a false impression was conveyed through disclosure of some facts and the concealment of others, thus creating a false representation and resulting in prejudice.

In viewing the evidence in the light most favorable to plaintiff Downing Trucking, the Court finds that reasonable jurors could determine that defendants Great West and Cline Wood engaged in constructive fraud and negligent misrepresentation. Accordingly, the Court denies summary judgment as to plaintiff Downing Trucking's constructive fraud and negligent misrepresentation claims.

E.    Statute of Limitations

In Oklahoma, the statute of limitations for asserting claims such as negligence, fraud, constructive fraud and negligent misrepresentation is two years. Okla. Stat. tit. 12, § 95. An action accrues when the litigant could maintain for the first time the cause of action to conclusion. *Stephens v. Gen. Motors Corp.*, 905 P.2d 797, 799 (Okla. 1995). Fraud is deemed to have been discovered, when by exercise of reasonable diligence, a plaintiff might have discovered the fraud, and the question as to when fraud was discovered or with reasonable diligence could have been discovered is one of fact to be determined from surrounding circumstances, relationship of parties, and all the facts of the case. *Holmes v. McKey*, 383 P.2d 655 (Okla. 1963). A claim for negligence vests when the following three elements are present: the existence of a duty; violation of that duty; and injury proximately resulting therefrom exists. *Sloan v. Owen*, 579 P.2d 812, 814 (Okla. 1978). Even where the plaintiff makes admissions which may have violated the statute of limitations, the admissions do not establish that the injury occurred at the time the negligent acts occurred. *Id.* The injury may occur at the time the negligence is discovered. *Id.*

Plaintiff Downing Trucking argues that it could not have with reasonable diligence discovered defendants' negligence, fraud, constructive fraud and/or negligent misrepresentation until the freightliner accident occurred. Having carefully review the parties submissions and viewing the evidence in the light most favorable to plaintiff Downing Trucking, the Court finds that plaintiff Downing Trucking has submitted evidence creating a genuine issue of material fact as to when plaintiff Downing Trucking, with reasonable diligence could have discovered defendants' alleged negligence, fraud, constructive fraud and/or negligent misrepresentation.

Accordingly, the Court denies defendants Great West and Cline Wood's motion for summary judgment on the basis of the statute of limitations.

IV.     CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants Great West and Cline Wood's Motions for Summary Judgment [docket nos. 22 and 23] as follows:

(1)     the Court GRANTS the motions for summary judgment as to plaintiff Downing Trucking's breach of contract and breach of implied warranty of good faith and fair dealing claims.

(2)     the Court DENIES the motions for summary judgment as to plaintiff Downing Trucking's negligence, fraud, constructive fraud and negligent misrepresentation claims.

**IT IS SO ORDERED this 26th day of September, 2007.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE